1 Matthew Resnik (SBN 182562)
**Simon Resnik LLP**
2 510 W. 6th St., Suite 1220
Los Angeles, CA 90014
3 Tel: (213) 572-0860
Fax: (213) 572-0860
4

5 Attorneys for Plaintiff
TOMAS CARDENAS NUNEZ
6 DANELIA NUNEZ

7

8

9         UNITED STATES BANKRUPTCY COURT
  CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION
10

11 **In re:**
TOMAS CARDENAS NUNEZ

12 DANELIA NUNEZ

13

14       **Debtor(s)**

15 TOMAS CARDENAS NUNEZ

16 DANELIA NUNEZ
 individual(s),
17

18       **Plaintiff(s),**
v.
19

20 **WELLS FARGO BANK, N.A. its successors
21 and/or assignees**

22       **Defendant.**

Case No: LA 09-31758-VZ

Chapter 13

Adv. No:

**COMPLAINT TO DETERMINE VALUE OF REAL PROPERTY, DETERMINE THE EXTENT OF SECURED CLAIMS AND TO EXTINGUISH THE LIEN OF WELLS FARGO BANK, N.A. its successors and/or assignees**

23 **TO THE DEFENDANT:**

24     Plaintiffs, TOMAS CARDENAS NUNEZ AND DANELIA NUNEZ an

25 individuals, ("Plaintiffs"), allege:

26     1.    The Court has jurisdiction over this proceeding pursuant to 28 U.S.C.

27 1334(a).

28

2. This is a core proceeding under 28 U.S.C. §157(b)(2)(K) and (O).

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409(a), in that the instant proceeding is related to the case under Title 11 of the United States Code, which is before this Court.

4. On August 17, 2009 (the "Filing Date"), Plaintiffs commenced a case under chapter 13 of Title 11 of the United States Code, which was assigned case number LA 09-31758-VZ.

5. At all times relevant, Plaintiffs were the owners of and resided at that certain real property commonly known as 727 w. 56th St., Los Angeles, CA 90037 (hereinafter "Real Property").

6. Plaintiffs are informed and believe and based on such allege that as of the Filing Date, the Real Property had a value of $ 150,000.00.

7. Plaintiffs are informed and believe and based on such allege that the Real Property was subject to a FIRST priority deed of trust in favor of JP MORGAN CHASE BANK, N.A., its successors and/or assigness (hereinafter "CHASE") which had a balance of at least $368,000.00 as of the Filing Date.

8. Plaintiffs are informed and believe and based on such allege that the Real Property was subject to a SECOND deed of trust in favor of WELLS FARGO BANK, N.A. its successors and/or assignees (hereinafter "WELLS FARGO") which had an approximate balance of $91,693.00 as of the Filing Date.

I.

**FIRST CLAIM FOR RELIEF**

**<u>VALUATION OF SECURITY</u>**

9. Plaintiffs re-allege the allegations in paragraphs 1 through 8 of the Complaint as if fully set forth here.

10. Plaintiffs allege that the Real Property became property of the bankruptcy estate upon the filing of the petition which commenced the underlying chapter 13 case.

11. Pursuant to 11 U.S.C. §506(a), (b), (c) and (d) and Fed. R. Bankr. Proc.

1 | 3012, Plaintiffs request that the Court determine the value of the Real Property to be
2 | $150,000.00 as of the Filing Date.

## II.

## SECOND CLAIM FOR RELIEF

### DETERMINATION OF THE NATURE AND EXTENT OF THE CHASE LIEN

12.    Plaintiffs re-allege the allegations in paragraphs 1 through 8 and 10 through 11 of the Complaint as if fully set forth here.

13.    Pursuant to 11 U.S.C. §506(a), (b), (c), and (d) and Fed. R. Bankr. Proc. 3012, Plaintiffs request that the Court determine the lien held by CHASE (the FIRST Deed of Trust) on the Real Property is in first priority and is secured in the amount of $150,000.00 or such other amount as the Court determines to be the value of the Real Property and that the balance of the claim is unsecured.

## III.

## THIRD CLAIM FOR RELIEF

### DETERMINATION OF THE NATURE AND EXTENT OF THE WELLS FARGO

14.    Plaintiffs re-allege the allegations in paragraphs 1 through 8 and paragraphs 10, 11, and 13 of the Complaint as if fully set forth here.

15.    Pursuant to 11 U.S.C. §506(a), (b), (c) and (d) and Fed. R. Bankr. Proc. 3012, Plaintiffs request that the Court determine the lien held by WELLS FARGO (the SECOND Deed of Trust) is in second priority behind CHASE ( the FIRST Deed of Trust), that the secured portion of the WELLS FARGO lien on the Real Property is $0 and that WELLS FARGO holds a wholly unsecured claim.

## IV.

## FOURTH CLAIM FOR RELIEF

### EXTINGUISHMENT OF WELLS FARGO LIEN

16.    Plaintiffs re-allege the allegations in paragraphs 1 through 8, 10,11, 13, and 15 of the Complaint as there set forth here.

17. Plaintiffs are informed and believe and based on such allege that the claim of WELLS FARGO is completely unsecured and under applicable law, including but not limited to 11 U.S.C. §506(a) and (d) and cases interpreting said code sections, and may be determined to be a general unsecured claim.

18. Plaintiffs are informed and believe and based on such allege that the Court has the authority under applicable law, including 11 U.S.C. 1322(b), to confirm a chapter 13 plan which provides for WELLS FARGO as a general unsecured creditor, [providing that a timely claim was filed].

19. Plaintiffs are informed and believe and based on such alleges that the Court has the authority under applicable law to extinguish the lien of WELLS FARGO upon Plaintiffs' completion of payments under the plan and issuance of a discharge.

## REQUEST FOR JUDGMENTS AND ORDERS

Based on the foregoing, Plaintiffs request that the Court enter a judgment which:

1. Determines the value of the Real Property to be $150,000.00 as of the Filing Date;

2. Determines that the lien of CHASE (the FIRST Deed of Trust) is secured in the amount of $150,000.00;

4. Determines that the lien of WELLS FARGO is wholly unsecured;

5. Extinguishes the lien of WELLS FARGO and permits modification of the claim under §1322(b)(2); and

6. For such other and further relief as the Court deems just and proper.

Dated: October 6, 2009

SIMON & RESNIK, LLP

By: _____
Matthew Resnik
Attorney for Plaintiff

FORM B104 (08/07)  2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Tomas Cardenas Nunez & Danelia Nunez | **DEFENDANTS**<br>Wells Fargo Bank, N.A. its successors and/or assignees |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Simon & Resnik, LLP    (213) 572-0800<br>510 W. 6th St., Suite 1220<br>Los Angeles, CA 90014 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Proceedings to determine value of real property, extinguish the lien of a mortgage creditor under 11 U.S.C. Section 506 and to determine creditor to hold a general unsecured claim

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[1] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[2] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

FORM B104 (08/07), page 2                                                                                           2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> Tomas Cardenas Nunez & Danelia Nunez ||| **BANKRUPTCY CASE NO.** <br> LA09-31758-VZ |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central | **DIVISIONAL OFFICE** <br> Los Angeles || **NAME OF JUDGE** <br> Vincent Zurzolo |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| **PLAINTIFF** | **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** || **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** ||||
| **DATE** <br> 10/8/09 || **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Matthew D. Resnik ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone and Fax Number, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Matthew Resnik<br>510 West 6th Street, Suite 1220<br>Los Angeles, CA 90014<br>(213)572-0800  Fax: (213)572-0860<br>California State Bar Number: **182562**<br><br>*Attorney for Plaintiff* | |

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>Tomas Cardenas Nunez<br>Danelia Nunez<br><br><br>                                                                     Debtor. | CHAPTER __13__<br><br>CASE NUMBER **LA 09-31758 VZ**<br><br>ADVERSARY NUMBER |
|---|---|
| Tomas Cardenas Nunez<br>Danelia Nunez<br><br>vs.<br>Wells Fargo Bank, N.A., its successors and/or assignees<br><br>Plaintiff(s),<br><br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only)(Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE<br>OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles<br>☐ 21041 Burbank Boulevard, Woodland Hills<br>☐ 3420 Twelfth Street, Riverside | | ☐ 411 West Fourth Street, Santa Ana<br>☐ 1415 State Street, Santa Barbara | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

JON D. CERETTO
**Clerk of the Bankruptcy Court**

By: _____
**Deputy Clerk**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*Revised December 1998 (COA-SA)*

**F 7004-1**

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy