| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Matthew D Resnik<br>Simon Resnik LLP<br>510 W 6th St, Ste 1220<br>Los Angeles CA 90014<br>(213) 572-0860<br>Fax : (213)572--8860<br>Email: matt@resniklaw.com<br><br>*Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: Tomas Cardenas Nunez<br>Danelia Nunez<br><br><br>                                                                            Debtor. | CHAPTER  13<br><br>CASE NUMBER  LA09-31758-VZ<br><br>ADVERSARY NUMBER  LA09-02296-VZ |
|---|---|
| Tomas Cardenas Nunez<br>Danelia Nunez<br><br>                                vs.<br><br>Wells Fargo Bank N.A. its successors.<br><br>Plaintiff(s),<br><br><br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by 11/09/09 _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: 12/17/2009 | Time: 10:00am | Courtroom: 1368 | Floor: 13th |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: 10/09/09

JON D. CERETTO
**Clerk of the Bankruptcy Court**

By: _____ William C Kaaumoana _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)

**F 7004-1**

Revised 7/06

## PRE-STATUS CONFERENCE INSTRUCTIONS

1.  Pursuant to Local Bankruptcy Rule 7016-1(a)(2), all parties <u>shall</u> file a Joint Status Report at least fourteen (14) days before the date set for each Status Conference. The Joint Status Report shall conform to **Exhibit "A"** attached to these instructions. Use of the form attached as **Exhibit "A"** is <u>mandatory</u>. Failure to use the form in **Exhibit "A"** may result in the imposition of monetary sanctions and/or the status conference being continued and parties being ordered to redo the status report to conform to **Exhibit "A"**.

2.  A copy of these instructions shall be attached to every copy of the complaint served upon a party, and the <u>affidavit of service must state that these instructions as well as a copy of the summons and complaint and, if applicable, a copy of the Debtor Assistance Program Notice was served</u>.

3.  If no response to the complaint is timely filed, (1) plaintiff should file a request for entry of default by the clerk and a default judgment hearing date will be set at the Status Conference (the party should be prepared to propose an appropriate date to Judge Zurzolo based on Judge Zurzolo's self-calendaring procedure) and (2) no later than ten (10) days prior to the Status Conference plaintiff must file a Unilateral Status Report (completing Sections A, B and C of **Exhibit "A"**) and a declaration setting forth the attempts made by plaintiff to contact or obtain the cooperation of the defendant as required by LBR7016-1(a). For self calendaring dates, visit the Court's website at www.cacb.uscourts.gov :
    * Click "**Information**"
    * Under "**Judges**", click "**Zurzolo, V.**"
    * Click "**Forms/Instructions/Procedures/Self-Calendaring**"
    * Under **Self Calendaring**, click "**Hearing Calendar for 2006**"
    and/or "**Instructions and Key for Self-Calendar**"

4.  During the Status Conference, it will be decided whether a pre-trial order should be required or a pre-trial conference should be set.

5.  During the Status Conference, the Court shall set a trial or a pre-trial conference. The parties should be prepared to state whether they will agree to try the adversary proceeding by declaration in lieu of oral testimony.

6.  If one or more parties dispute whether the adversary proceeding is core within the meaning of 28 U.S.C. § 157(b), the party/parties disputing that the proceeding is core shall file and serve a memorandum of points and authorities and evidence in support of their positions fourteen (14) court days before the Status Conference. Any reply must be filed at least seven (7) court days before the Status Conference. The Court will resolve this dispute at the Status Conference. If any party fails to comply timely with these instructions, that failure shall be deemed a consent to a determination that the proceeding is core within the meaning of 28 U.S.C. § 157(b).

H:\common\vz\forms\instructions\**PRESTATCONFERENCE**

Revised 7/06

7.   If one or more parties dispute the jurisdiction of this Court, the party/parties disputing jurisdiction shall file and serve a memorandum of points and authorities and evidence in support of their positions at least fourteen (14) court days prior to the Status Conference. Any response shall be filed and served no later than seven (7) court days prior to the Status Conference. The Court will resolve this dispute at the Status Conference. If the objecting party does not timely file and serve its papers, that failure shall be deemed a consent to whatever determination the Court makes.

8.   If one or more parties dispute whether a party has a right to a jury trial, the disputing party/parties shall file and serve a memorandum of points and authorities and evidence in support of their positions at least fourteen (14) court days prior to the Status Conference. Any response shall be filed and served no later than seven (7) court days prior to the Status Conference. The Court will resolve this dispute at the Status Conference. If the objecting party does not timely file and serve its papers, that failure shall be deemed a consent to whatever determination the Court makes.

9.   Please take note that extensions of time to respond to a pleading are ineffective by stipulation of the parties absent court approval. Requests to extend the response deadline to a date within five (5) days of the hearing date will likely be denied unless the hearing date is continued to a date which permits the Court adequate time to review and consider the pleadings.

10.   Please also take note that requests to continue a hearing will not be granted unless adequate cause for the continuance is stated in the request. Merely discussing settlement is inadequate cause and unless a settlement is reached prior to the hearing date, the parties must comply with all applicable filing deadlines. If the parties have settled, a hearing may be continued to allow for execution and filing of the written settlement if (1) the request for continuance contains a copy of the settlement or a substantial recitation of its terms and (2) the request for a continuance is filed at least two (2) court days prior to the hearing date. Generally, if a Respondent/Defendant is not represented by an attorney, an appearance by the Respondent/Defendant will be required.

VINCENT P. ZURZOLO
United States Bankruptcy Judge

H:\common\vz\forms\instructions\PRESTATCONFERENCE

Revised 7/06

# EXHIBIT "A"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| In re | BK. No. LA |
| | Adv. No. LA |
| | Chapter |
| Debtor(s). | |
| | ☐ JOINT STATUS REPORT |
| | ☐ UNILATERAL STATUS REPORT |
| | FOR ADVERSARY PROCEEDING |
| | LOCAL BANKRUPTCY RULE 7016-1(a)(2) |
| Plaintiff(s), | |
| v. | DATE: |
| | TIME: |
| | PLACE: |
| Defendant(s). | |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE _____. In accordance with Local Bankruptcy Rule ("LBR") 7016-1(a)(2), the party/parties submit the following ☐ JOINT STATUS REPORT or ☐ UNILATERAL STATUS REPORT:

A.  **SERVICE/SUMMONS:**

  1. Have all parties been served?                                                                 ☐ YES  ☐ NO

  2. Has Plaintiff filed a declaration of service stating that the Pre-Status Conference Instructions, summons,

Revised 7/06

complaint and, if applicable, Debtor Assistance Program Notice was served?  ☐ YES ☐ NO

    If yes, go on. If no, why not? Please explain:

B. **RESPONSIVE PLEADINGS:**

  1. Did all defendants timely file a plain answer (i.e. no counterclaims) to the complaint? ☐ YES ☐ NO

    If yes, go to Section D. If no responsive pleading was filed proceed to Section C, otherwise continue.

  2. If any defendant's answer includes counterclaims, are any parties other than Plaintiff included as defendants to the claims?  ☐ YES ☐ NO

  3. If counterclaims have been filed, have all counterdefendants responded to the counterclaims?  ☐ YES ☐ NO

    If no, what is the response deadline to the countercomplaint?

  4. Did any defendant filed a 12(b) motion or other such responsive pleading?  ☐ YES ☐ NO

    If yes, please identify the responsive pleading(s) filed and the date(s) of the hearing(s) on the responsive pleading(s):

C. **DEFAULT**

  1. If any defendant has not responded timely, has plaintiff requested entry of default?  ☐ YES ☐ NO

    If no, why not? Please explain:

  2. If default has been requested, has it been entered?  ☐ YES ☐ NO

    If no, why not? Please explain:

  3. If default has been entered has plaintiff scheduled a motion for default judgment?  ☐ YES ☐ NO

    If no, please explain why not and state a proposed date for a hearing on a motion for default judgment:

D. **FEDERAL RULE OF CIVIL PROCEDURE ("FRCP") 26(A), (F) AND LBR 7016-1(A)(2) COMPLIANCE:**

  1. The parties certify that they met and discussed the nature and basis of the claims and defenses.

    Plaintiff:  ☐ YES ☐ NO

    Defendant:  ☐ YES ☐ NO

H:\common\vz\forms\instructions\PRESTATCONFERENCE

Revised 7/06

| | |
|---|---|
| 2. The parties certify that they have exchanged documents. | |
| Plaintiff: | ☐ YES  ☐ NO |
| Defendant: | ☐ YES  ☐ NO |

3. The parties certify that they have exchanged witness lists.

    Plaintiff: ☐ YES  ☐ NO

    Defendant: ☐ YES  ☐ NO

4. The parties certify that they have exchanged other evidence as required by Rule 26(a)(1).

    Plaintiff: ☐ YES  ☐ NO

    Defendant: ☐ YES  ☐ NO

5. The parties certify that they have made the disclosures required by Rule 26(a)(1)(C) and (D) where applicable.

    Plaintiff: ☐ YES  ☐ NO

    Defendant: ☐ YES  ☐ NO

6. The parties certify that they have discussed settlement.

    Plaintiff: ☐ YES  ☐ NO

    Defendant: ☐ YES  ☐ NO

7. The parties certify that they have proposed a joint discovery plan.

    Plaintiff: ☐ YES  ☐ NO

    Defendant: ☐ YES  ☐ NO

8. If any party answered no to any of the prior six (6) questions, please explain the reason(s):

E. **DISCOVERY (FRCP 26(f)):**

**A Discovery Plan should be prepared and attached to this status report if it cannot be described below.**

1. Do the parties believe that changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?

    Plaintiff: ☐ YES  ☐ NO

Revised 7/06

1      Defendant:     ☐ YES ☐ NO

2    If any party answered yes, please explain the reason(s):

3  2. List the form(s) of discovery each party will propound.

4      Plaintiff:

5      Defendant:

6  3. Do the parties anticipate any unusual discovery issues?

7      Plaintiff:     ☐ YES ☐ NO

8      Defendant:     ☐ YES ☐ NO

9    If any party answered yes, please identify the issues and explain the reason(s) for them:

10 4. Date by which each party expects to complete their discovery efforts:

11     Plaintiff:

12     Defendant:

13 F. **SETTLEMENT:**

14 1. Do all parties request a judge to aid in settlement? If either party indicates "no", go to question 3.

15     Plaintiff     ☐ YES ☐ NO

16     Defendant     ☐ YES ☐ NO

17 2. Do all parties request the trial judge to aid in settlement? If yes and if applicable, please name the judge(s)

18 of this Court that the parties would like to participate in settlement efforts:

19 **PLAINTIFF**   ☐ YES ☐ NO     **DEFENDANT**   ☐ YES ☐ NO

20 (1)     (1)
21 (2)     (2)
   (3)     (3)

22 3. Do all parties seek any other type of mediation, arbitration, etc.? If both indicate yes, list the types.

23 **PLAINTIFF**   ☐ YES ☐ NO     **DEFENDANT**   ☐ YES ☐ NO

24 (1)     (1)
25 (2)     (2)

26

H:\common\vz\forms\instructions\PRESTATCONFERENCE

Revised 7/06

G. **PRE-TRIAL:**

In most adversary proceedings, it is necessary to prepare a joint pre-trial stipulation and appear at a pre-trial conference.

    1. Date after which the pre-trial conference should be set:

        Plaintiff:

        Defendant:

    2. Do you believe you can go directly to trial without a pre-trial stipulation and/or conference?

        Plaintiff:    ☐ YES  ☐ NO

        Defendant:    ☐ YES  ☐ NO

    If either party answered yes, please state why:

H. **OTHER PROPOSED DEADLINES:**

    1. Proposed date by which all motions except motions to exclude evidence or approve a settlement must be filed, set and heard:

        Plaintiff:

        Defendant:

    2. Proposed deadline for amendment of pleadings and/or joinder of parties (any order permitting amendment or joinder must be entered by this date):

        Plaintiff:

        Defendant:

    3. Are there any other deadlines which the parties wish the Court to set:

        Plaintiff:    ☐ YES  ☐ NO

        Defendant:    ☐ YES  ☐ NO

    If either party states yes, please identify the proposed subject and timing of the deadline:

H:\common\vz\forms\instructions\**PRESTATCONFERENCE**

Revised 7/06

I. **MISCELLANEOUS**

1. Do you dispute the jurisdiction of this Court?

   Plaintiff: ☐ YES ☐ NO

   Defendant: ☐ YES ☐ NO

2. Do you dispute any party's allegation regarding the core/non-core nature of the adversary proceeding?

   Plaintiff: ☐ YES ☐ NO

   Defendant: ☐ YES ☐ NO

3. Do you dispute the asserted claim of any party to the right to a jury trial?

   Plaintiff: ☐ YES ☐ NO

   Defendant: ☐ YES ☐ NO

4. If a party answered yes to any of the above three (3) questions, has the party answering yes prepared a memorandum of points and authorities and supporting evidence detailing their position, which memorandum is to be filed fourteen (14) days prior to the Status Conference? ☐ YES ☐ NO

5. Are there any other unusual issues of which the Court should be aware? ☐ YES ☐ NO

If yes, please explain:

Respectfully submitted,

DATED: FIRM NAME: _____

NAME: _____

ATTORNEY FOR: _____

DATED: FIRM NAME: _____

NAME: _____

ATTORNEY FOR: _____

H:\common\vz\forms\instructions\PRESTATCONFERENCE

1  Matthew Resnik (SBN 182562)
   **Simon Resnik LLP**
2  510 W. 6th St., Suite 1220
   Los Angeles, CA 90014
3  Tel: (213) 572-0860
   Fax: (213) 572-0860
4

5  Attorneys for Plaintiff
   TOMAS CARDENAS NUNEZ
6  DANELIA NUNEZ

7

8

9        UNITED STATES BANKRUPTCY COURT
     CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

10

11  In re:                                    Case No: LA 09-31758-VZ
    TOMAS CARDENAS NUNEZ
12                                            Chapter 13
    DANELIA NUNEZ
13                                            Adv. No:
                  Debtor(s)
14                                            **COMPLAINT TO DETERMINE**
    _____               **VALUE OF REAL PROPERTY,**
15  **TOMAS CARDENAS NUNEZ**                  **DETERMINE THE EXTENT OF**
                                              **SECURED CLAIMS AND TO**
16  **DANELIA NUNEZ**                         **EXTINGUISH THE LIEN OF WELLS**
         individual(s),                       **FARGO BANK, N.A.** its successors
17                                            and/or assignees
               Plaintiff(s),
18
    v.
19
    **WELLS FARGO BANK, N.A.** its
20  **successors**
    **and/or assignees**
21
              Defendant.
22  _____

23  **TO THE DEFENDANT:**

24      Plaintiffs, TOMAS CARDENAS NUNEZ AND DANELIA NUNEZ an

25  individuals, ("Plaintiffs"), allege:

26      1.   The Court has jurisdiction over this proceeding pursuant to 28 U.S.C.

27  1334(a).

28

2. This is a core proceeding under 28 U.S.C. §157(b)(2)(K) and (O).

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409(a), in that the instant proceeding is related to the case under Title 11 of the United States Code, which is before this Court.

4. On August 17, 2009 (the "Filing Date"), Plaintiffs commenced a case under chapter 13 of Title 11 of the United States Code, which was assigned case number LA 09-31758-VZ.

5. At all times relevant, Plaintiffs were the owners of and resided at that certain real property commonly known as 727 w. 56th St., Los Angeles, CA 90037 (hereinafter "Real Property").

6. Plaintiffs are informed and believe and based on such allege that as of the Filing Date, the Real Property had a value of $ 150,000.00.

7. Plaintiffs are informed and believe and based on such allege that the Real Property was subject to a FIRST priority deed of trust in favor of JP MORGAN CHASE BANK, N.A., its successors and/or assigness (hereinafter "CHASE") which had a balance of at least $368,000.00 as of the Filing Date.

8. Plaintiffs are informed and believe and based on such allege that the Real Property was subject to a SECOND deed of trust in favor of WELLS FARGO BANK, N.A. its successors and/or assignees (hereinafter "WELLS FARGO") which had an approximate balance of $91,693.00 as of the Filing Date.

I.

**FIRST CLAIM FOR RELIEF**

**VALUATION OF SECURITY**

9. Plaintiffs re-allege the allegations in paragraphs 1 through 8 of the Complaint as if fully set forth here.

10. Plaintiffs allege that the Real Property became property of the bankruptcy estate upon the filing of the petition which commenced the underlying chapter 13 case.

11. Pursuant to 11 U.S.C. §506(a), (b), (c) and (d) and Fed. R. Bankr. Proc.

1  3012, Plaintiffs request that the Court determine the value of the Real Property to be

2  $150,000.00 as of the Filing Date.

## II.

## SECOND CLAIM FOR RELIEF

## DETERMINATION OF THE NATURE AND EXTENT OF THE CHASE LIEN

6      12.    Plaintiffs re-allege the allegations in paragraphs 1 through 8 and 10

7  through 11 of the Complaint as if fully set forth here.

8      13.    Pursuant to 11 U.S.C. §506(a), (b), (c), and (d) and Fed. R. Bankr. Proc.

9  3012, Plaintiffs request that the Court determine the lien held by CHASE (the FIRST Deed

10  of Trust) on the Real Property is in first priority and is secured in the amount of $150,000.00

11  or such other amount as the Court determines to be the value of the Real Property and that

12  the balance of the claim is unsecured.

## III.

## THIRD CLAIM FOR RELIEF

## DETERMINATION OF THE NATURE AND EXTENT OF THE WELLS FARGO

16      14.    Plaintiffs re-allege the allegations in paragraphs 1 through 8 and

17  paragraphs 10, 11, and 13 of the Complaint as if fully set forth here.

18      15.    Pursuant to 11 U.S.C. §506(a), (b), (c) and (d) and Fed. R. Bankr. Proc.

19  3012, Plaintiffs request that the Court determine the lien held by WELLS FARGO(the

20  SECOND Deed of Trust) is in second priority behind CHASE ( the FIRST Deed of Trust),

21  that the secured portion of the WELLS FARGO lien on the Real Property is $0 and that

22  WELLS FARGO holds a wholly unsecured claim.

## IV.

## FOURTH CLAIM FOR RELIEF

## EXTINGUISHMENT OF WELLS FARGO LIEN

27      16.    Plaintiffs re-allege the allegations in paragraphs 1 through 8, 10,11, 13,

28  and 15 of the Complaint as there set forth here.

17.   Plaintiffs are informed and believe and based on such allege that the claim of WELLS FARGO is completely unsecured and under applicable law, including but not limited to 11 U.S.C. §506(a) and (d) and cases interpreting said code sections, and may be determined to be a general unsecured claim.

18.   Plaintiffs are informed and believe and based on such allege that the Court has the authority under applicable law, including 11 U.S.C. 1322(b), to confirm a chapter 13 plan which provides for WELLS FARGO as a general unsecured creditor, [providing that a timely claim was filed].

19.   Plaintiffs are informed and believe and based on such alleges that the Court has the authority under applicable law to extinguish the lien of WELLS FARGO upon Plaintiffs' completion of payments under the plan and issuance of a discharge.

## REQUEST FOR JUDGMENTS AND ORDERS

Based on the foregoing, Plaintiffs request that the Court enter a judgment which:

1. Determines the value of the Real Property to be $150,000.00 as of the Filing Date;

2. Determines that the lien of CHASE (the FIRST Deed of Trust) is secured in the amount of $150,000.00;

4. Determines that the lien of WELLS FARGO is wholly unsecured;

5. Extinguishes the lien of WELLS FARGO and permits modification of the claim under §1322(b)(2); and

6. For such other and further relief as the Court deems just and proper.

Dated: October 6, 2009

SIMON & RESNIK, LLP

By: _____
Matthew Resnik

Attorney for Plaintiff

Summons and Notice of Status Conference - Page 2

**F 7004-1**

| In re<br>Tomas Cardenas Nunez<br>Danelia Nunez | (SHORT TITLE)<br><br>Debtor(s). | CASE NO.: LA09-31758-VZ<br><br>LA09-02296-VZ |
|---|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as _Summons & Notice of Status Conference;_ _Pre-Status Conference Instructions; Complaint_ will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR** ~~OVERNIGHT MAIL~~ _Certified Mail_ (indicate method for each person or entity served):
On _10/13/09_ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _10/13/09_ | _Max Bonilla_ | _[signature]_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)

**F 7004-1**

SERVICE LIST:

**DEBTOR**
Tomas and Danelia Nunez
727 W. 56th St.
Los Angeles, CA 90037

**ATTORNEY FOR DEBTOR**
Matthew D Resnik
Simon Resnik LLP
510 W. 6th St., Suite 1220
Los Angeles, CA 90014

**CHAPTER 13 TRUSTEE**
Nancy Curry
606 S. Olive St., Suite 950
Los Angeles, CA 90014

**JP Morgan Chase Bank, N.A. (From Proof of Claim)** (Certified Mail)
7255 Bay Meadows Way
Jacksonville, FL 32256

**WELLS FARGO BANK, N.A. (From Proof of Claim)** (Certified Mail)
Home Equity Group
X2303-01A
1 Home Campus
Des Moines, IA 50328-0001

**WELLS FARGO BANK & CO. (Served by Certified Mail)**
420 Montgomery St.
San Francisco, CA 94104